IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAY A. BAUGHMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 12-4 |
| ) | |
| MICHAEL J. ASTRUE, COMMISSIONER ) | |
| OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

**OPINION**
**and**
**ORDER OF COURT**

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 19 and 21). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 20 and 22). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Defendant's Motion for Summary Judgment (ECF No. 21) and denying Plaintiff's Motion for Summary Judgment. (ECF No. 19).

**I.   BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits and supplemental security income pursuant to the Social Security Act ("Act"). On December 15, 2008, Plaintiff filed an application alleging that since August 15, 2007, he had been disabled. Administrative Law Judge ("ALJ") Charles Boyer, held a hearing on September 16, 2010. (ECF No. 2, pp. 25-43). On October 18, 2010, ALJ Boyer found that Plaintiff was not disabled under the Social Security Act. (R. 10-24). After exhausting all of his administrative remedies thereafter, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 19 and 21).

The issues are now ripe for review.

## II.  LEGAL ANALYSIS

### A.  STANDARD AND SCOPE OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate."  *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971).  Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).  A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.  *Monsour Medical Center v. Heckler,* 806 F.2d 1185, 1190-91 (3d Cir. 1986)*; Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).  Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.  *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.  42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant.  20 C.F.R. §404.1520(a).  The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment,

2

whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity.  20 C.F.R. §404.1520.  The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.      DISCUSSION**

On appeal, Plaintiff appears to set forth five topic headings challenging the ALJ's decision.  (ECF No. 20, p. 3).  In the body of the brief, however, Plaintiff fails to make any argument under headings I and III.  (ECF No. 20, pp. 5 and 7).  In the absence of any substantive or meaningful analysis of the same, I find this assertion to be undeveloped and wholly inadequate.  *See, Pennsylvania v. U.S. Dept. of Health & Human Serv.,* 101 F.3d 939, 945 (3d Cir. 1996)(stating that conclusory assertions, unaccompanied by a substantial argument, will not suffice to bring an issue before the court).  Consequently, I will not address the theories set forth in these topic headings.

    **1.      Whether the ALJ erred in finding the claimant's back impairment was non-severe**

Plaintiff's first argument is that the ALJ erred in determining that back impairment was not a severe impairment.  (ECF No. 20, pp. 5-7).   According to 20 C.F.R. § 404.1521(a), an

impairment or combination of impairments is not severe if it does not significantly limit a claimant's physical or mental ability to do basic work activities.  Basic work activities are defined as the abilities and aptitudes necessary to do most jobs, including: "(1) Walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) Capacities for seeing, hearing, and speaking; (3) Understanding, carrying out, and remembering simple instructions; (4) Use of judgment; (5) Responding appropriately to supervision, co-workers and usual work situations; and (6) Dealing with changes in a routine work setting." 20 C.F.R. § 404.1521(b). Thus, an impairment is not severe "if the evidence established a slight abnormality that has 'no more than a minimal effect on an individuals [sic] ability to work.'" *Mays v. Barnhart,* No. 02-4520, 2003 WL 22430186, *3 (3d Cir. Oct. 27, 2003), *quoting Smolen v. Chater,* 80 F.3d 1273, 1290 (9th Cir. 1996), *quoting* SSR 85-28 (1985).

   The ALJ sets forth this standard and applied it to the Plaintiff's case at step two.  (ECF No. 6-2, pp. 14, 17.  Therein, the ALJ recognized that he reviewed a letter dated August 19, 1991 (over 20 years ago), from Dr. Cheung stating that Plaintiff had an MRI with a finding of stenosis at L3-L4 and L4-L5.  (ECF No. 6-7, p. 76).  The ALJ also noted that there has been no further treatment since that date (20 some years ago), with the "exception of a couple of visits where he complained of back pain but had no follow up treatment."  As a result, the ALJ found Plaintiff had not established a treatment pattern for this impairment and found it to be non-severe.  (ECF No. 6-2, p. 17).

   While Plaintiff argues that he testified that his back is bothering him, there is no other evidence of record to suggest that the back problem from the injury in 1990 is severe.  To be clear, the mere existence of an injury, however, does not mean the impairment is severe.  *See,* 20 C.F.R. § 404.1521(a).  There is no evidence of any back treatment since 1991.  Further, there is evidence of record to show that Plaintiff performed work that was medium – to- very heavy in exertion as a maintenance engineer, construction equipment mechanic, and wood finisher in the years following from said injury in 1990 without any treatment.  (ECF No. 6-2, p.

42 and 6-6 p. 7). Thus, after a review of the record, there is substantial evidence to support the ALJ's opinion and I find no error on the part of the ALJ in this regard.

### 2. **Whether the ALJ erred in not finding the claimant disabled as a result of the cumulative effect of all his impairments**

Plaintiff also concludes that the ALJ failed to consider his impairments in combination at step two, and in particular his allegations of back pain, bilateral arm, shoulder and neck pain, along with his mental health impairments. (ECF No. 20, p. 10). As set forth above, there was no error in finding Plaintiff's back pain non-severe. Additionally, Plaintiff has failed to submit any evidence that he was treated for any of the remaining impairments suggested. There is no evidence that Plaintiff points to that the ALJ failed to consider. Consequently, after a review of the record, I find there is substantial evidence to support the ALJ's opinion and I no error on the part of the ALJ in this regard.

### 3. **Whether the ALJ erred in determining that there were jobs that exist in significant numbers in the national economy in the absence of vocational expert testimony**

Generically, Plaintiff argues that the ALJ erred in determining that there were jobs that exist in the national economy that he can perform without vocational expert testimony as to specific sedentary jobs. (ECF No. 20, p. 8). Contrary to Plaintiff's generic assertion, vocational expert testimony is not always necessary to make this determination. *See,* 20 C.F.R. §404.1566(e).[1] To improve the "efficiency and uniformity" of the step five analysis, the Secretary promulgated Medical-Vocational Guidelines, known as 'grids," which address step five through the use of a matrix of four factors – physical ability, age, education, and work

---

[1] 20 C.F.R. §404.1566(e) contemplates that a vocational expert is not always necessary and provides as follows:

> (e) Use of vocational experts and other specialists. If the issue in determining whether you are disabled is whether your work skills can be used in other work and the specific occupation in which they can be used, or there is a similarly complex issue, we **may** use the services of a vocational expert or other specialist. We will decide whether to use a vocational expert or other specialist.

(Emphasis added).

experience. *Sykes v. Apfel,* 228 F.3d 259, 263 (3d Cir. 2000). The grids and rules take into account numbers of jobs at various exertional levels that exist in the national economy. Thus, in certain circumstances, it is completely proper for an ALJ to rely solely on the grids in determining whether there are jobs in the national economy that a claimant can perform. *See generally,* 20 C.F.R. §416.966. While the grids are not designed to take into account non-exertional impairments that significantly diminish a claimant's ability to work, an ALJ may rely exclusively on the grids if a claimant's impairments are exertional and/or where there are non-exertional impairments that do not significantly diminish a claimant's ability to work. *Ortiz v. Secretary of Health and Human Servs.,* 890 F.2d 520, 524 (1st Cir. 1989).

In this case, the vocational expert did not testify whether there were jobs in the national economy that Plaintiff could perform.[2] Rather, the ALJ, in applying the Medical-Vocational Rules, found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform based on the grid. (ECF No. 6-2, pp. 20-21). Specifically, the ALJ found that Plaintiff had the residual functional capacity to perform the full range of sedentary work. (ECF No. 6-2, pp. 18-20). He also found that Plaintiff is unable to perform any past relevant work, that he was a younger individual with at least a high school education and is able to communicate in English. *Id.* The ALJ found that Plaintiff's characteristics fit the grid, specifically Rule 201.21. (ECF No. 6-2, p. 21). Plaintiff's counsel does not object to any of these findings. He only objects that vocational expert testimony was not employed.

Based on a review of the record, I agree that there was no requirement for the ALJ to employ the use a vocational expert in this case. Given the facts of the case, it was well within the ALJ's discretion not to use a vocational expert. The use of the grids, alone, was proper. Therefore, I find no error on the part of the ALJ based on Plaintiff's generic argument that vocational expert testimony was not employed.

---

[2] A vocational expert was present at the hearing in this case and testified briefly, but was only asked about the Plaintiff's past work in terms of exertional and skill levels. (ECF No. 6-2, pp. 41-42).

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAY A. BAUGHMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 12-4 |
| ) | |
| MICHAEL J. ASTRUE, COMMISSIONER ) | |
| OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 29th day of January, 2013, it is ordered that the decision of the ALJ is affirmed and Plaintiff's Motion for Summary Judgment (ECF No. 19) is denied and Defendant's Motion for Summary Judgment (ECF No. 21) is granted.

                                    BY THE COURT:

                                    s/  Donetta W. Ambrose
                                        Donetta W. Ambrose
                                        United States Senior District Judge